## CIRCUIT COURT OF ARLINGTON COUNTY

In Re Estate of Helen Brush Norton

March 14, 1974

Case No. (Chancery) 23819

By JUDGE CHARLES H. DUFF

[This is] my opinion regarding the Petition of Everett E. Norton for administration of the estate with the will annexed. The law appears to be clear that different states may grant probate of a will in support of varying legal and economic interests in the decedent's estate. The will is usually offered for probate in the state of the testator's domicile; and this is referred to as domestic probate or domiciliary probate. The theory of many states in which the common law is in force is that the state within whose territorial limits the testator was domiciled at the time of his death may admit his will to probate, even though the will was made in another state, as in the case at bar, or the testator dies in another state. As is stated in *Page on the Law of Wills*, section 26.14, "it has been said that as a rule a will should first be submitted for probate at the domicile of the testator."

However, the treatise mentioned above points out that it is entirely possible for original probate proceedings to take place in two or more states. See section 28.3. While every state within which a decedent had assets has in one sense of the word a legitimate interest in granting original probate as to those assets, the majority view appears to be that the domiciliary jurisdiction occupies a position of primacy.

In the case at bar there apparently is no question but that the decedent was a domiciliary of Virginia at the time of her death. The California court has so found in its order of July 27, 1973. I am of the opinion that domiciliary administration of the copy of the will which has been duly proved in California should be granted.